# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**07-20**


**JANET DUNN MALBROUGH**

**VERSUS**

**W. MARVIN DUNN**


**\*\*\*\*\*\*\*\*\*\***


## APPEAL FROM THE
## TWENTY-SEVENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. LANDRY, NO. 05-C-4940-A
## HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

Henry B. King, Jr.
Post Office Box 67024
Baton Rouge, LA  70896
(225) 923-3828
COUNSEL FOR DEFENDANT/APPELLANT:
    W. Marvin Dunn

Janet Dunn Malbrough
215 South Court
Opelousas, LA  70570
(337) 407-9809
COUNSEL FOR PLAINTIFF/APPELLEE:
    Janet Dunn Malbrough

AMY, Judge.

The defendant appeals the trial court's denial of his motion for new trial. He argues that the trial court did not have the jurisdiction to enforce a child support order rendered in a different trial court without registering it. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that the plaintiff, Janet Dunn Malbrough, and the defendant, W. Marvin Dunn, were married, and four minor children were born of this union. A petition for divorce was filed and granted in the Family Court of East Baton Rouge Parish, Louisiana. By consent decree, the parties stipulated that Dunn would pay child support in the amount of $850.00 per month beginning on March 3, 1997.

On October 11, 2005, Malbrough filed a rule to show cause in St. Landry Parish, in which she asserted that Dunn "was served with a petition to register and make the Judgment rendered in East Baton Rouge [P]arish, executory in St. Landry [P]arish[.]" Malbrough alleged that although Dunn objected to the service of the petition, he did not object to "making the Judgment executory in St. Landry [P]arish[.]" She further alleged that "all delays have lapsed." According to Malbrough, as of July 6, 2005, Dunn owed child support arrearage in the amount of $33,250.00. She requested that the arrears be made executory and that Dunn be found in contempt of court and incarcerated for his failure to make child support payments.

According to the record, the parties met on October 24, 2005 for an intake conference in which the hearing officer determined that Dunn was in arrears for "35,800.00 from September [] 2003 through October [] 2005." A hearing was subsequently held, and on April 10, 2006, the trial court held Dunn in contempt for his failure to pay $35,850.00 in child support arrearage. He was sentenced to sixty

days incarceration, ten days without the benefit of work release. On April 12, 2006, Malbrough filed another rule to show cause, alleging that after making a $5,000.00 payment towards the arrearage, Dunn failed to make any further child support payments. She requested that Dunn be found in contempt and immediately incarcerated.

Dunn responded by filing an exception of lis pendens and an exception of lack of jurisdiction, alleging that "the Parish of East Baton Rouge has continuing, exclusive jurisdiction in these proceedings." Following a hearing, the exceptions were denied. Dunn thereafter filed a motion for new trial and/or to alter or amend judgment, in which he contended that because St. Landry Parish "has not issued an order confirming the registration of the support order for enforcement[,]" the trial court judgment finding that he owed $35,850.00 in child support arrearage is null and void.

A hearing was held on September 8, 2006, in which the trial court denied Dunn's motion for new trial as being untimely filed. Dunn now appeals, arguing that the trial court "is in error by usurping jurisdiction over a matter then pending in the Family Court of East Baton Rouge, wherein the judgment rendered by the Family Court in East Baton Rouge was never registered or confirmed."

**Discussion**

In his sole assignment of error, Dunn argues that because the trial court did not have subject matter jurisdiction over these proceedings, its April 10, 2006 judgment is void. Thus, it would appear that Dunn is appealing the merits of the denial of his exception of lis pendens.[1] However, the judgment on which Dunn sought review was

---

[1] We note that an appeal from this judgment alone is untimely.

the denial of the motion for new trial. We turn to the consideration of the trial court's determination that it was untimely.

At the motion hearing, the trial court noted that the clerk mailed the notice of judgment on June 20, 2006. Dunn's attorney explained that he fax filed the motion for new trial to the Clerk of Court's Office on June 28, 2006, within the applicable time period. At that point, the trial court asked him when the costs were paid, to which Dunn's attorney answered that he did not "have that information." After perusing through some documents, the trial court discovered "a document dated 6-29-06, receipt number 19501, Motion and Order for New Trial and/or Alternatively Amend Judgment with [S]ervice[.]" According to that document, the costs were received on August 2, 2006.

The trial court explained what when "fax filing[,] you have five days from the date of the fax filing in which to submit all payments in order for the filing to be effective." In denying the motion as being untimely filed, the trial court explained that "[t]here was a fax filing on June 29[th]; however, the payment of the fees and funds were not made until August 2[nd], more than the time allowed by statute."

Louisiana Revised Statutes 13:850 provides in pertinent part:

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:

(1) The original signed document.

3

(2) The applicable filing fee, if any.

(3) A transmission fee of five dollars.

C. *If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.* The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

(Emphasis added.)

After reviewing the record, we find no error in the trial court's denial of Dunn's motion for new trial as untimely filed. Louisiana Code of Civil Procedure Article 1974 provides: "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

Furthermore, pursuant to La.R.S. 13:850, the filing fees must be paid within five days, exclusive of legal holidays, after the clerk of court has received the transmission. Recall that Dunn alleged that he fax filed on June 28, 2006. The trial court found that the record showed that the filing fees were not received until August 2, 2006. Accordingly, the trial court held the filing untimely under La.R.S. 13:850. Dunn has not shown that this finding was erroneous.

This assignment is without merit.

## DECREE

For the above reasons, the judgment of the trial court denying the defendant's motion for new trial is affirmed. All costs of these proceedings are assessed against the defendant, W. Marvin Dunn.

**AFFIRMED.**

4